UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

DAVID W. NAIL,

      Plaintiff,

v.                                                                                          Case No. 1:05-CV-157

FEDERAL LABOR RELATIONS                                       HON. GORDON J. QUIST
AUTHORITY and GREG WEDDLE,
in his official capacity,

      Defendants.
_____/

## OPINION

Plaintiff, David W. Nail ("Nail"), has sued Defendants, the Federal Labor Relations Authority ("FLRA"), and Greg Weddle ("Weddle"), an attorney for the FLRA, asking this Court to review a decision of FLRA's Chicago Regional Director ("FLRA General Counsel") not to issue an unfair labor practice complaint under the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135. Now before the Court are the following motions: (1) Defendants' motion to dismiss or, in the alternative, for summary judgment on the grounds that the Court lacks subject matter jurisdiction to review the decisions of the FLRA's General Counsel to not issue unfair labor practices complaints and that Nail failed to effect proper service on Defendants as required by Fed. R. Civ. P. 4; (2) Defendants' motion to hold all discovery-related proceedings in abeyance; and (3) non-party Pamela Nail's motion to quash certain subpoenas served by Nail. For the reasons set forth below, the Court will grant Defendants' motion to dismiss or for summary judgment on the ground

that Nail lacks Article III standing to maintain this action.  The Court will also grant Pamela Nail's motion to quash and dismiss Defendants' motion to hold discovery in abeyance as moot.

## Background

On August 17, 2004, Nail filed an unfair labor practice charge with the FLRA's Chicago Regional Office against the American Federation of Government Employees, Local 1384 (the "Union").  Nail filed the charge as a representative of his then-wife, Pamela Nail, an employee of the Department of Veterans' Affairs ("VA") and member of the Union.  Nail alleged in the charge that the Union improperly settled a dispute with the VA concerning medical coders at the VA facility in Fort Wayne, Indiana.  FLRA's Chicago Regional Office investigated the charge and made Weddle the primary contact for the charge.  The FLRA's General Counsel reviewed the matter and determined that an unfair labor complaint was unwarranted because no unfair labor practice occurred.  In other words, the General Counsel determined that the Union did not breach its statutory duty of fair representation as Nail alleged.  (Determination Letter from Sutton to Nail of 3/1/05, Defs.' Mem. Supp. Mot. Ex. F.)  Thereafter, Nail filed this lawsuit seeking review of the General Counsel's determination not to issue a complaint against the Union.

## Discussion

### I.    Motion To Dismiss Or For Summary Judgment

Although Defendants did not raise standing as a basis for dismissal in their motion, the Court must and will do so on its own.  Constitutional standing is a component of a federal court's subject matter jurisdiction.  See Warth v. Seldin, 422 U.S. 490, 498-99, 95 S. Ct. 2197, 2205 (1975).

> In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue.  Standing has both constitutional and prudential dimensions.  The constitutional requirements for standing emanate from

2

>Art. III, § 2 of the U.S. Constitution, which grants federal courts jurisdiction over "cases' and "controversies."

Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996). "Standing 'is a qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court.'" Mich. Gas Co. v. Fed. Energy Regulatory Comm'n, 115 F.3d 1266, 1269 (6th Cir. 1997) (quoting Cmty. First Bank v. Nat'l Credit Union Admin., 41 F.3d 1050, 1053 (6th Cir. 1994)). In order to establish Article III standing, a plaintiff must establish: (1) an injury in fact; (2) a causal connection between the injury and the conduct which forms the basis for the complaint; and (3) that a favorable federal court decision is likely to redress the injury. Coal Operators & Assocs., Inc. v. Babbitt, 291 F.3d 912, 916 (6th Cir. 2002) (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, 454 U.S. 464, 472, 102 S. Ct. 753, 758 (1982)). An injury in fact means "'an invasion of a legally protected interest[.]'" Barnes v. City of Cincinnati, 401 F.3d 729, 739 (6th Cir. 2005) (quoting N.E. Fla. Chapter, Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 663, 113 S. Ct. 2297, 2302 (1993)).

Nail lacks Article III standing to maintain this action because he cannot establish an injury in fact. Nail complains that the FLRA General Counsel's determination was improper, but Nail is neither a VA employee nor a member of the Union. See Karo v. San Diego Symphony Orchestra Ass'n, 762 F.2d 819, 821 (9th Cir. 1985) (holding that an employee who was not a member of a union lacked standing to assert a claim for breach of the duty of fair representation). While Nail was apparently permitted to act on behalf of his then-wife in pursuing the administrative charge before the FLRA, Article III's standing requirements prevent him from doing so in federal court. Moreover, even if Nail could claim standing on the basis of his wife's membership in the Union (which he

cannot), he lacks even a minimal interest in the controversy. Nail's wife has stated in her motion to quash that divorce proceedings are pending, Nail is subject to a state court restraining order prohibiting him from contacting his wife, and Nail is using this lawsuit merely to harass his wife. Accordingly, the Court will dismiss Nail's complaint with prejudice.

**II.     Motion To Quash**

As noted above, Pamela Nail has filed a motion to quash two subpoenas Nail served on her on or about May 9, 2005. The first subpoena commands Pamela Nail to produce "a letter to David W. Nail, on the reason and the approximate date that (NIHCS) stated (announced) that Dale Gaudio was leaving NIHCS as so stated in your letter of inquiry to the local AFGE union 1384 on June 26th 2004 intra-facility email you sent," and the second subpoena commands Pamela Nail to produce "a letter to David W. Nail, explaining where you went and who you seen [sic] and what you were doing on 10/01/2004 between the time periods of 4:00 PM and 6:630 [sic] PM."

In light of the Court's determination that Nail lacks standing to bring the instant suit, the motion to quash is moot. However, the Court finds it necessary to address the motion in order to make clear to Nail, for the benefit of Pamela Nail, that the subpoenas will be quashed; that Pamela Nail may disregard them; that Nail has no authority to serve additional subpoenas in connection with this case; and that any such subpoenas are void and without force and may be ignored.

**III.    Motion To Hold Discovery In Abeyance**

In light of the Court's decision to dismiss this case with prejudice, the Court will dismiss Defendants' motion to hold all discovery-related proceedings in abeyance as moot.

**Conclusion**

For the foregoing reasons, the Court will dismiss Nail's complaint with prejudice and will grant Pamela Nail's motion to quash. The Court will dismiss Defendants' motion to hold all discovery-related proceedings in abeyance as moot.

An Order consistent with this Opinion will be entered.


Dated: July 15, 2005                                  /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE